**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>RAG-STIFTUNG, *et al.*<br><br>Defendants. | Case No. 1:19-cv-2337-TJK |

**NON-PARTY JONATHAN CUMMINS' MOTION TO QUASH
THE FTC'S SUBPOENA TO APPEAR FOR LIVE TESTIMONY**

Jonathan Cummins, United Initiators Inc.'s Vice President of Manufacturing for the Americas and nonparty to this action, respectfully moves under Federal Rule of Civil Procedure 45(d)(3)(A) to quash the Federal Trade Commission's subpoena directing Mr. Cummins to appear as a live witness for the court's preliminary injunction hearing.

The FTC's subpoena simply seeks a second bite of the apple: the FTC has taken hours of videotaped deposition testimony from Mr. Cummins, and United Initiators has provided significant written discovery. All of the facts regarding Mr. Cummins' and United Initiators relationship to this case are well documented and no new developments have occurred since Mr. Cummins' deposition on October 9, 2019. The FTC has provided no cogent explanation as to why Mr. Cummins' live testimony—as opposed to his videotaped deposition—is necessary for the FTC to present its case. The FTC's demand presents a significant burden on Mr. Cummins, who resides and works near Memphis, Tennessee, and would have to travel to Washington, D.C. for the *second* time in response to a subpoena from the FTC in this case. The court should quash this subpoena as unduly burdensome to a nonparty under Rule 45(d)(3)(A).

**I.       Background**

United Initiators is a global manufacturer of organic peroxides and persulfates headquartered in Pullach, Germany.  United Initiators has executed an agreement to purchase a hydrogen peroxide plant located in Prince George, Canada (the "Gomera Business") from PeroxyChem that is expressly conditioned on the closure of the Evonik-PeroxyChem merger, which is the subject of this litigation.  Mr. Cummins serves as the senior manager of United Initiators' manufacturing operations in North America.  He was involved in the diligence process undertaken by United Initiators with respect to the Gomera Business, and he will be responsible for overseeing its manufacturing operations if the transaction closes.  Mr. Cummins was neither the negotiator nor the final decision-maker for United Initiators with respect to the potential Gomera Business.  Both functions were handled by German-based employees, primarily the Chief Financial Officer.

On September 13, 2019, the Federal Trade Commission served United Initiators with a document subpoena requesting a broad array of materials with a return date of September 20, 2019.  *See* Ex. A.[1]  Despite the quick turnaround and the FTC's broad demands, United Initiators complied with the subpoena by producing documents that were responsive and readily available on Friday, September 20, 2019.  The production included the core set of documents related to United Initiators' evaluation of the Gomera Business, including a number of diligence reports prepared by various third party consultants.

United Initiators then met and conferred with the FTC on Monday, September 23, 2019 to discuss the production and United Initiators' role in the litigation.  During that discussion,

---

[1] Evonik and PeroxyChem sent an identical follow-on subpoena a few days later.

counsel for United Initiators made clear that United Initiators had limited involvement in the Evonik-PeroxyChem transaction and would seek to limit its role in this litigation as much as possible.  The FTC nevertheless raised additional requests for documents during the September 23 meeting and during a subsequent September 26 meet and confer.  In an attempt to satisfy the FTC's requests, United Initiators continued to make rolling productions of materials responsive to the FTC's demands and ultimately produced over 700 pages of documents—all within a couple of weeks of receiving the FTC's document subpoena.

United Initiators also received Rule 30(b)(6) deposition notices from the FTC and Evonik on September 19 and 17, 2019, respectively.  *See* Exs. B & C.  The notices covered a broad set of topics and were identical with the exception of one additional topic in the FTC notice related to the negotiations to acquire the Gomera Business.  *See id*.  United Initiators informed both parties it believed the disruption of its business and the expense involved in providing a witness for and defending a Rule 30(b)(6) deposition was unwarranted in light of its significant and timely document production and its stated willingness to provide information through counsel.  Nevertheless, United Initiators agreed to produce Mr. Cummins to testify as the company's representative during a deposition on October 9, 2019.  United Initiators made Mr. Cummins available in Washington, D.C. for the convenience of all parties.

Mr. Cummins traveled from his home near Memphis, Tennessee and United Initiators' General Counsel, Sonya Ahuja, traveled from Pullach, Germany to prepare for and participate in the deposition.  During the deposition, counsel for Evonik questioned Mr. Cummins for approximately two hours.  Counsel for the FTC deposed Mr. Cummins for approximately three hours.  The deposition covered a wide set of topics related to United Initiators' suitability as a purchaser and the negotiations with PeroxyChem over the purchase of the Gomera Business.

Indeed, the FTC apparently exhausted its questions for Mr. Cummins: with two hours allotted time remaining, the FTC decided it had no further questions for Mr. Cummins.

In spite of the FTC's abundant opportunities to receive information from United Initiators during discovery, the FTC served Mr. Cummins with a trial subpoena on October 28, 2019. *See* Ex. D.[2] The subpoena directs Mr. Cummins to travel again to Washington, D.C. to testify at the preliminary injunction hearing on November 14, 2019. United Initiators met and conferred with the FTC on October 29, 2019 to again reiterate that United Initiators' role in this case as a third party should be limited, and that the cumulative burden of the FTC's three subpoenas surpasses what is justified under Rule 45. United Initiators also informed the FTC that Mr. Cummins will be out of the country for long-scheduled business travel in China between November 10 and 15, and will therefore be unavailable during those dates. Undeterred, the FTC indicated it intends to call Mr. Cummins as a witness the following week, just days after Mr. Cummins returns to the U.S. from China, and it will oppose Mr. Cummins' motion to quash the subpoena.

**II.     The FTC's Trial Subpoena is Unduly Burdensome and Should be Quashed**

The FTC's overly aggressive litigation strategy directed at Mr. Cummins runs afoul of Rule 45's protections of third parties. Rather than subpoena Mr. Cummins again, the FTC should choose from the five hours of Mr. Cummins' deposition testimony to submit to the Court. The FTC had ample opportunity to question Mr. Cummins during that deposition—indeed, that it brought the deposition to a close two hours before its scheduled stop time indicates that the FTC

---

[2] United Initiators understands that, unlike the FTC, Evonik and PeroxyChem intend to present Mr. Cummins' testimony through his videotaped deposition. *See* Case Management and Scheduling Order, ¶ 15(e), ECF No. 21 ("full transcripts of . . . depositions taken in this litigation shall be admitted").

got whatever testimony it believed it needed from Mr. Cummins. No new facts or information have come to light during the three weeks since the October 9 deposition. The FTC's subpoena therefore seeks, at best, cumulative or duplicative testimony from Mr. Cummins, and as such imposes an unwarranted burden on Mr. Cummins. It should be quashed.

This conclusion is fully supported by the case law interpreting the discovery rules. "The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties." *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007). In addition, courts consider "(1) whether the discovery sought is unreasonably cumulative or duplicative; (2) whether the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive; and (3) whether the discovery sought is proportional to the needs of the case." *BuzzFeed, Inc. v. Dep't of Justice*, 318 F. Supp. 3d 347, 358 (D.D.C. 2018) (quoting *Watts*, 482 F.3d at 509).

Each of these factors militate in favor of quashing the FTC's subpoena. *First*, and as stated, the FTC's subpoena seeks cumulative and duplicative testimony that is significantly more convenient and less expensive to obtain from Mr. Cummins' prior videotaped deposition. Mr. Cummins' extensive deposition testimony makes clear that United Initiators has done and is doing no further assessment or preparatory work on the potential acquisition of the Gomera Business until the FTC's challenge to the Evonik-PeroxyChem merger is resolved. No further discovery has been provided or requested from United Initiators. Thus, there is simply no reason to believe that Mr. Cummins' testimony would differ in substance from, or add to, what has already been provided. To the extent the FTC wants to re-ask or re-frame questions that have already been asked (or should have been asked) during Mr. Cummins' deposition, wanting a "do-over" simply does not justify the burden of requiring duplicative testimony from Mr. Cummins.

Courts routinely quash subpoenas for additional testimony of nonparties who have already been deposed.  *See, e.g.*, *Breiterman v. United States Capitol Police*, 323 F.R.D. 36, 52 (D.D.C. 2017) (requiring nonparty to appear "would be unduly burdensome and duplicative of prior depositions"); *Reddick v. Dillard Store Services, Inc.*, 2010 WL 3025205 (S.D. Ill. 2010) (subpoena to appear in person at trial in Illinois would impose undue burden on nonparty from Oregon who had been deposed on videotape); *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (subpoena for additional testimony imposed undue burden where subpoenaing party had previously deposed the nonparty); *ACI Worldwide Corp. v. Mastercard Technologies*, LLC, 2016 WL 3647850, *3 (D. Neb. 2016) (further deposition of nonparty would impose undue burden because it would be unnecessarily duplicative).  The present record provides no basis to require Mr. Cummins to redo testimony already provided or any reason to believe his testimony would yield additional factual information relevant to this matter.

*Second*, Mr. Cummins is a senior executive of a global chemical manufacturing company, and requiring him to travel, prepare for, and provide live testimony for the second time would impose undue burdens on both Mr. Cummins and United Initiators.  Complying with the FTC's most recent subpoena would disrupt Mr. Cummins' day-to-day management of United Initiators' North America operations.  The required multi-day travel alone would impose a significant burden on Mr. Cummins, who will be returning to Memphis, Tennessee from China just days before the FTC demands he appear in Washington, D.C.  Although the FTC enjoys a statutory exemption from Rule 45's 100-mile geographical limit for the service of subpoenas, *see* 15 U.S.C. § 23; Case Management and Scheduling Order, ¶ 26, ECF No. 21, that exemption "does not mean that [nonparties] are without recourse against unduly burdensome subpoenas."

*United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254, at *3 (D.S.C. Nov. 21, 2017). Thus, Mr. Cummins' presence in Memphis—more than 750 miles away from the Court's preliminary injunction hearing—and the disruption to his daily business responsibilities weigh in favor of quashing the FTC's subpoena.

*Third*, the burden imposed by the FTC's third subpoena seeking information from United Initiators is not proportional to the needs of the case. United Initiators and Mr. Cummins have provided the FTC with more than 700 pages of documents and approximately five hours of videotaped deposition testimony, in addition to numerous meet and confers during which United Initiators responded to the FTC's questions and shared valuable information. United Initiators acknowledges that its conditional agreement to purchase the Gomera Business is a material issue in the case. It respectfully submits, however, that all relevant information from United Initiators related to that agreement and its potential consummation has already been provided and is available to the parties for advocacy before this Court. The FTC's most recent subpoena adds to the cumulative burden of the FTC's and Evonik's demands of United Initiators and Mr. Cummins, which is now far beyond the needs of this case.

### III.    Conclusion

The parties have had their chance to obtain testimony from Mr. Cummins, and that testimony is more than sufficient for the FTC to present its case. Mr. Cummins respectively requests that the FTC's subpoena be quashed.

Dated: October 31, 2019                                Respectfully submitted,

/s/ Rebecca Yergin
Rebecca Yergin (D.C. Bar No. 888314685)
James R. Dean Jr.
Robert S. Day
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
ryergin@cov.com
jdean@cov.com
rday@cov.com

*Counsel for Jonathan Cummins*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2019, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic filing upon all counsel of record in this case.

/s/ Rebecca Yergin
Rebecca Yergin (D.C. Bar No. 888314685)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, D.C. 20001
(202) 662-6000
ryergin@cov.com

*Counsel for Jonathan Cummins*